UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES L. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause Nos.   1:22-CV-134-HAB and |
| | ) | 1:22-CV-135-HAB |
| JOHN COLDREN | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

"[T]hey stole my dirt." *Phillips v. Midstates Concrete*, 1:16-CV-296-PPS-SLC, DKT No. 1 (Aug. 1, 2016). It was this kind of frivolous federal complaint that landed Plaintiff on the District's restricted filer list. *Phillips v. Redkey Town Board*, 2019 WL 5390556, Case No. 1:19-CV-280, at *6-7 (N.D. Ind. Oct. 22, 2019). Judge William C. Lee prohibited Plaintiff from filing any new cases until October 22, 2022, and assessed a $500.00 fine. *Id*. at *6.

If only Plaintiff had taken the hint. Less than a year later, Plaintiff attempted to sue John Coldren, also Defendant in these cases, for allegations arising out of a Jay County, Indiana, Circuit Court estate case, which case also forms the basis for the instant complaints. *Redkey*, 1:19-CV-280-WCL-SLC, DKT No. 23 at 3. Judge Lee ordered the clerk to return the papers from that suit, along with the filing fee, to Plaintiff. *Id*. at *4.

Unfortunately, the clerk's office was not as vigilant in this case as it was in 2020. These two suits were accepted for filing and, perhaps more importantly, the clerk's office accepted and processed a $402.00 filing fee for each case. Shortly thereafter, the error was discovered.

The Court is not in as generous a mood as Judge Lee was two years ago. Plaintiff knows full-well his restricted filer status. Yet he continues to file complaints in violation of the terms of

his restricted filer sanction. Had he informed the clerk of his status, his filings, and filing fee, would have been rejected. But because he successfully conned clerk's office staff, that money is now gone. The Court will keep the filings fees as sanctions for Plaintiff's repeated conduct. *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) (finding that courts have inherent authority to protect themselves from vexatious litigation and imposing a $500 fine and entering a filing ban pursuant to *Support Systems Intern., Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)).

For these reasons, the Court ORDERS as follows:

1) The Clerk of the Court is instructed to place copies of the documents submitted by Phillips into the miscellaneous file captioned "In Re: James L. Phillips," and to return the originals to Phillips.

2) The Clerk of the Court is further instructed to send Phillips a copy of this Order along with another copy of the Court's October 22, 2019, Order Imposing Sanctions (*Redkey*, 1:19-CV-280-WCL-SLC, DKT No. 20).

3) The Clerk is instructed to return Phillips's paperwork and copies of Court orders by certified mail, return receipt requested.

4) The Clerk is further instructed to retain the filing fees in these cases as sanctions for Phillips' repeated violations of his restricted filer status.

5) These cases are DISMISSED.

6) This Opinion and Order is to be docketed in both 1:22-CV-134 and 1:22-CV-135.

SO ORDERED on May 3, 2022.

                                                  s/Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT